MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (CABN 217885)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: 415 436-7181
    Fax: 415 436-6748
    Email: Victoria.carradero@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRYSTAL DENSON<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK R. DONAHOE, POSTMASTER GENERAL<br>    Defendant. | NO. C 10-4855 - EDL<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

    IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

    WHEREAS, Plaintiff Krystal Denson ("Plaintiff") filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended and the Rehabilitation Act of 1973;

    WHEREAS, Plaintiff has filed the following administrative EEO complaints with the United States Postal Service ("the Agency"): 4F-945-0007-10.

    WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-4855

   NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

   1. **Settlement Amount**. In full and final settlement of all claims in connection with the above-captioned action, Defendant shall pay Plaintiff a total lump sum payment of One-Thousand–Dollars ($1,000) dollars ("Settlement Amount") as compensatory damages. Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS") on a 1099 form, and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS. The check will be made payable to Krystal Denson and will be mailed to Plaintiff at her address of record. Plaintiff has been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

   2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, the United States Postal Service, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date she executes this Agreement, which arise from or relate to her employment with the United States Postal Service.

   3. **Attorneys' Fees**. Plaintiff has represented herself throughout her administrative complaint and this district court action. The parties agree that the Settlement Amount is in full satisfaction of any and all claims for attorneys' fees and costs arising from this litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action

   4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that she will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice,

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-4855  2

all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon the mailing of the Settlement Payment to Plaintiff.

5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the United States Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

8. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

9. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with

1 | respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind
2 | the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a
3 | dispute is an action to enforce the Agreement in the United States District Court for the
4 | Northern District of California.

5 |     10. **Construction**. Each party hereby stipulates that it has been represented by and has
6 | relied upon independent counsel in the negotiations for the preparation of this Agreement, or
7 | had the opportunity to consult counsel regarding this Agreement, that it has reviewed the
8 | contents of the Agreement, and is fully aware of and understands all of the terms of the
9 | Agreement and the legal consequences thereof. For purposes of construction, this Agreement
10 | shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore,
11 | be construed against any Party for that reason in any subsequent dispute.

12 |     11. **Severability**. If any provision of this Agreement shall be invalid, illegal, or
13 | unenforceable, the validity, legality, and enforceability of the remaining provision shall not in
14 | any way be affected or impaired thereby.

15 |     12. **Integration**. This instrument shall constitute the entire Agreement between the
16 | parties, and it is expressly understood and agreed that the Agreement has been freely and
17 | voluntarily entered into by the parties hereto with the advice of counsel, who have explained
18 | the legal effect of this Agreement. The parties further acknowledge that no warranties or
19 | representations have been made on any subject other than as set forth in this Agreement. This
20 | Agreement may not be altered, modified or otherwise changed in any respect except by writing,
21 | duly executed by all of the parties or their authorized representatives.

22 |     13. **Authority**. The signatories to this Agreement have actual authority to bind the
23 | parties.
24 | DATED: 9/30/2011      _Krystal Benson_
25 |     Plaintiff Krystal Benson
    Pro Se
26 | DATED: 9/30/2011      _Victoria R. Carradero_
27 |     Victoria R. Carradero
    Assistant United States Attorney
28 |     Attorney for Defendant

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-4855      4

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 11, 2011

*[signature: Elizabeth D. Laporte]*

HON. ELIZABETH D. LAPORTE
United States Magistrate Judge